CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
OCEAN BULK SHIPPING LLC
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

OCEAN BULK SHIPPING LLC,

                              Plaintiff,

                 v.                                                          08 CV 7075 (___)

INTER OCEAN SHIP REPAIRS LLC,                                **VERIFIED COMPLAINT**

                              Defendant.
-------------------------------------------------------------------X

        Plaintiff OCEAN BULK SHIPPING LLC (hereinafter "OCEAN BULK"), by its

attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the

Defendant, INTER OCEAN SHIP REPAIRS LLC, (hereinafter "IO SHIP REPAIRS")

alleges upon information and belief as follows:


                                        JURISDICTION

        1.        This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2.      At all times material hereto, Plaintiff OCEAN BULK was and still is a
foreign business entity duly organized and existing pursuant to the laws of a foreign
country operating under foreign law with an address in the United Arab Emirates at P.O.
Box 50244, Dubai, U.A.E.

3.      The Plaintiff OCEAN BULK is engaged in the shipping business, and its
activities, *inter alia*, include: ship brokering, chartering, ship management and ship
agency.

4.      The Plaintiff OCEAN BULK is the owner, operator and manager of an
ocean going bulk carrier vessel known as the M/V OBS ANITA.

5.      As but one part of its business activities, the Plaintiff OCEAN BULK
charters and/or hires out the M/V OBS ANITA to others whereby the M/V OBS ANITA
carries and transports bulk shipments of ocean cargo in exchange for payments of hire or
freight to the Plaintiff OCEAN BULK.

6.      At all times material hereto, Defendant IO SHIP REPAIRS was and still is
a foreign business entity duly organized and existing pursuant to the laws of a foreign
country operating under foreign law with a principal place of business in Dubai, United
Arab Emirates and a business address identified as Al Jadaf, P.O. Box 3322, Dubai,
U.A.E.

7.      The Defendant IO SHIP REPAIRS is engaged in the business of repairing
ocean-going vessels that are used in maritime commerce, and the Defendant IO SHIP
REPAIRS performs its repair services principally from its base at Al Jadaf Dockyards in
Dubai.

AS AND FOR A CAUSE OF ACTION
FOR BREACH OF MARITIME CONTRACT

8.      On May 12, 2008, Plaintiff OCEAN BULK entered into a Repair Contract with Defendant IO SHIP REPAIRS, as contractor, whereby Plaintiff hired the Defendant IO SHIP REPAIRS to repair the vessel M/V OBS ANITA as per the terms of the contract which was supplemented by a quotation by the contractor, Defendant IO SHIP REPAIRS.

9.      The Repair Contract between Plaintiff OCEAN BULK and Defendant IO SHIP REPAIRS is a maritime contract, as contracts for the repair of ocean-going vessels have long been recognized as falling under a U.S. Court's admiralty jurisdiction. *See,* The General Smith 17 US 438 (1819) (contract for repairs of an ocean-going vessel falls under the Court's admiralty jurisdiction); Kossick v. United Fruit Co., 365 US 731 (1961)(same, in dicta); *see also,* Robert E. Derecktor, Inc. v. Norkin, 820 F. Supp. 791 (SDNY 1993).

10.     The Defendant IO SHIP REPAIRS performed work on the M/V OBS ANITA, as provided by in the Repair Contract, and the Defendant IO SHIP REPAIRS presented a Work Done Certificate to Plaintiff OCEAN BULK on June 2, 2008.

11.     The Plaintiff OCEAN BULK presented the Defendant IO SHIP REPAIRS with drafts and/or checks for the amount of 954,200.00 United Arab Emirates Diraham (hereinafter "Dhs") as payment for the repairs to the M/V OBS ANITA on June 2, 2008, just prior to the completion of the repairs, so as to avoid any delay in the vessel's sailing from the repair yard,

12.     The Defendant IO SHIP REPAIRS has already cashed several of the drafts and/or checks and, thus far, has received payments Dhs 381,680.00.

13    The Defendant IO SHIP REPAIRS confirmed that the all of the intended repairs to the M/V OBS ANITA were satisfactorily completed on June 5, 2008, and the vessel was returned to the Plaintiff OCEAN BULK on or about June 5, 2008.

14.    In reliance on the terms of the Repair Contract and the representations of the Defendant IO SHIP REPAIRS, the Plaintiff OCEAN BULK sailed the M/V OBS ANITA from the repair yard and placed the vessel back into service for the carriage of ocean cargo by fixing the vessel's next employment to carry cargo.

15.    Shortly after the M/V OBS ANITA sailed from the Defendant IO SHIP REPAIRS' yard, and while enroute to load a cargo for her next employment, the M/V OBS ANITA sustained a major breakdown of her main engine and the vessel was towed to an anchorage by the port authorities.

16.    In breach of the Repair Contract, and because of the negligence of Defendant IO SHIP REPAIRS and/or breach of the obligation to perform its services in a workman like manner, the Defendant IO SHIP REPAIRS failed to properly repair the M/V OBS ANITA with respect to, but not limited to, such things as:

a) Defendant failed to machine the main engine cylinders and exhaust valves properly, causing significant leakage;

b) Defendant failed to overhaul or repair the main engine fuel pumps as agreed, resulting in significant leakage;

c) Defendant failed to properly overhaul the main engine turbocharger and Defendant replaced many parts with second hand spare parts that were satisfactory or adequate for the job; and

4

d) Defendant failed to properly overhaul the main water sea pumps, resulting in leakage.

17.    The major breakdown of the main engine for the M/V OBS ANITA was a direct and proximate result of the Defendant's breach of contract, negligent repairs and/or breach of an implied warranty of workmanlike performance.

18.    As a consequence of the Defendant's breach of contract, negligent repairs and/or breach of an implied warranty of workmanlike performance, the Plaintiff OCEAN BULK sustained damages that, *inter alia*, include:

a)    The payments already made by the Plaintiff, Ocean Bulk, to the Defendant, IO SHIP REPAIRS, in the amount of Dhs 381,680.00 (currently US$102,804.97);

b)    The costs incurred by Plaintiff OCEAN BULK for towing the vessel to a safe anchorage in Sharjah and, later, to another repair yard, plus other incidental fees and charges for such things as inspections, surveys and the attendance of superintendents, none of which have yet been quantified;

c)    The actual cost of repairing the negligent repairs defective workmanship on the M/V OBS ANITA by Defendant IO SHIP REPAIRS, which had to be performed by another repair yard in Dubai, and the costs of which, as best as now can be estimated, amount to Dhs 477,100 (currently US$129,895.39).

d)    The loss of the use, loss of earnings and/or demurrage for the M/V OBS ANITA from June 5, 008 to July 16, 2008, while the vessel was being

repaired at another yard, which as best as now can be estimated, amounts

US$756,000.00.

19.     As best as now can be estimated, the Plaintiff OCEAN BULK asserts a

claim for damages in the amount of $988,700.36.

20.     The Plaintiff OCEAN BULK sent notice of the claim to IO REPAIRS on

July 24, 2008 and demanded that the Defendant IO SHIP REPAIRS pay damages to the

Plaintiff OCEAN BULK, but Defendant has not paid any damages, which are now

currently due and owing to the Plaintiff OCEAN BULK.

21.     The Repair Contract between the Plaintiff OCEAN BULK and Defendant

IO SHIP REPAIRS dated May 12, 2008 contains a choice of law and venue clause that

provides that any disputes arising out of the Repair Contract shall be governed and

construed in accordance with the laws of Dubai and U.A.E. and that the civil courts of

Dubai shall resolve any dispute which may arise thereunder.

22.     In accordance with the terms and conditions of the Repair Contract, the

Plaintiff OCEAN BULK is preparing to initiate litigation in Dubai against Defendant IO

SHIP REPAIRS to obtain a judgment against the Defendant IO SHIP REPAIRS for the

damages it suffered as a consequence of the Defendant's breach of contract, negligent

repairs and/or breach of an implied warranty of workmanlike performance.

23.     Before actually initiating the litigation against the Defendant, IO SHIP

REPAIRS, in Dubai, U.A.E., the Plaintiff OCEAN BULK seeks to obtain security for its

maritime claims against the Defendant with the initiation of suit in this Honorable Court

and by employing the Supplemental Rules for Admiralty and Maritime Claims, in

particular, Supplemental Rule B which provides issuance of Process of Maritime

Attachment and Garnishment in cases involving *in personam* maritime claims. *See*, Aqua Stoli Shipping, Ltd. v. Gardiner Smith Pty. Ltd.., 460 F. 3d 434, 4445 (2nd Cir. 2006)(holding that process of attachment should issue if the plaintiff shows that: 1) it has a valid *prima facie* admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3 ) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment.); Sea Transport Contractors Ltd. v. Industries Chemiques du Senegal, 411 F. Supp. 2d 386, 395 (S.D.N.Y. 2006)(holding that a Process of Maritime Attachment cannot be vacated on the basis that the Rule B attachment is sought to obtain security in aid of foreign litigation); and, Prestigious Shipping Co., Ltd. v. Agrocorp International PTY Ltd., 2007 U.S. Dist. LEXIS 74108 (S.D.N.Y. Oct. 1, 2007)(the district court held that a process of maritime attachment could not be vacated on the ground that the plaintiff and defendant had a presence in the same foreign jurisdiction and, also, there was no substantial ground for difference of opinion on the issue.).

## PRAYER FOR RELIEF

24.     Notwithstanding the fact that the liability of the Defendant to the Plaintiff for breach of the Repair Contract will be determined in accordance with the laws of Dubai and the United Arab Emirates by a court of Dubai, there are now, or will be during the pendency of this action, certain assets, accounts, monies, payments for repairs, payments for goods or services and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

25.    Plaintiff OCEAN BULK believes that some of these assets, *to wit*: bank accounts; payments from other vessel owners or managers for the repair of ocean-going vessels in U.S. dollars; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

26.    As set forth in the accompanying Declaration of Owen F. Duffy, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

27.    There are no statutory or maritime law bars to the issuance of Process of Maritime Attachment and Garnishment in the circumstances of this case.

28.    Because this Verified Complaint sets forth a valid *in personam* maritime claim against the Defendant, because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, because the defendant's property may be found within the district and because there is no statutory or maritime law bar to the attachment, the requirements for a Rule B attachment and garnishment are met and the Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.    That the Defendant be summoned to appear and answer this Verified Complaint;

B.    That the Defendant not being found within this District, as set forth in the Declaration of Owen F. Duffy, then all of its assets, effects, monies, payments for repairs, payments for goods or services and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.    That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the courts of Dubai and/or the U.A.E., so that judgment may be entered in favor of Plaintiff for the amount of its claim, *i.e.* **US$988,700.36**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, to be paid out of the proceeds thereof; and

D.    That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.


Dated: Port Washington, New York
        August 8, 2008

                                CHALOS, O'CONNOR & DUFFY, LLP
                                Attorneys for Plaintiff,
                                OCEAN BULK SHIPPING LLC,


                        By: _____
                                George E. Murray (GM-4172)
                                Owen F. Duffy (OD-3144)
                                366 Main Street
                                Port Washington, New York 11050
                                Tel:  (516) 767-3600 / Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
OCEAN BULK SHIPPING LLC
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OCEAN BULK SHIPPING LLC,

                        Plaintiff,

                                                    08  CV  7075 (___)

            v.
                                                    **VERIFICATION**

INTER OCEAN SHIP REPAIRS LLC,

                        Defendant.
------------------------------------------------------------X

        Pursuant to 28 U.S.C. § 1746, Owen F. Duffy, declares under the penalty of

perjury:

        1.        That I am a partner in the law firm of Chalos, O'Connor & Duffy LLP,

counsel for the Plaintiff, OCEAN BULK SHIPPING LLC, herein;

        2.        That I have read the foregoing complaint and knows the contents thereof;

        3.        That I believe the matters to be true based on documents and information

obtained from employees and representatives of the Plaintiff through its agents,

underwriters and attorneys; and

        4.        That the reason that this verification was made by deponent and not by the

Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could

not be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
        August 8, 2008

                                CHALOS, O'CONNOR & DUFFY, LLP
                                Attorneys for Plaintiff,
                                OCEAN BULK SHIPPING LLC,

By:     _____

                                George E. Murray (GM-4172)
                                366 Main Street
                                Port Washington, New York 11050
                                Tel:  (516) 767-3600
                                Fax: (516) 767-3605
                                ofd@codus-law.com

2